Opinion issued February 27, 2003



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01218-CR




JACK ALLEN JOHNSTON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 2nd 25th District Court
Colorado County, Texas
Trial Court Cause No. CR01-126




MEMORANDUM OPINION

          A jury found appellant, Jack Allen Johnston, guilty of felony sexual assault of
a child. After appellant pled true to the allegations of the enhancement paragraph that
he had two prior convictions, the trial court assessed punishment at 75 years in
prison. In four issues, appellant complains that the trial court erred by overruling his
objection to a leading question that appellant contends resulted in a witness testifying
from “false memory.” We affirm. 
Background
          While at appellant’s home, John Doe One, age 15 and M.W., age 16, drank
alcohol and became intoxicated until they both fell asleep on a sofa mattress. M.W.
was awakened when the mattress shook and saw appellant sexually assaulting John
Doe One, who was passed out on the mattress. M.W. stopped the assault by pushing
appellant away from John Doe One and waking him up. Upon waking, John Doe One
realized that he was naked and discovered Vaseline on himself. When appellant left
the residence, the juveniles found a ride to John Doe One's mother’s house, where
she was alerted to the offense. 
          The State’s evidence at trial consisted of testimony from John Doe One, his
mother, M.W., a physician who examined John Doe One after the incident, police
officers, and a stipulation from the parties that the substance John Doe One
discovered on himself was Vaseline. Appellant had several trial strategies. One was
to show that M.W. had actually attacked John Doe One. Alternatively, and more
vigorously, appellant tried to show that M.W. had a motive to fabricate his testimony
because his probation for a prior offense of criminal mischief might be jeopardized
if, in reporting the attack on John Doe One, he admitted that he had been drinking
alcoholic beverages. Appellant also suggested that appellant had accused M.W. and
John Doe One of damaging appellant’s vehicle while they were at his residence and
that they had fabricated the sexual assault charges in retaliation. 
No Error Preserved
          Appellant’s four issues challenge the trial court’s overruling his objection to
a question the State asked John Doe One’s mother. Appellant contends that the
question was leading and supplied a “false memory.” We conclude that appellant
elicited substantively the same testimony from the same witness and therefore waived
any possible error in the trial court’s overruling appellant’s objection to the State’s
question.
          Appellant argues that John Doe One’s mother was supplied a false memory
because of the following exchange: 
[By the prosecutor]: The concern on [M.W.]’s part was when he went to the
Sheriff’s Office and told them he had been drinking; that was something of a
concern –
 
[By appellant’s counsel]: Objection, Your Honor. He is leading the
witness.
 
THE COURT: I am going to overrule on this particular part of the
evidence and consider it cross-examination. Go ahead.
 
[By the prosecutor]: There was concern on [M.W.]’s part, because he
was on probation for breaking some windows, a misdemeanor probation,
that he might get his probation revoked if he went to the Sheriff’s Office
and told them he had been drinking alcohol. Is that right?
 
[John Doe One’s mother]: Yes. 
 
[By the prosecutor]: And did he go ahead and go to the Sheriff’s office
and admit truthfully to what he had done?
 
[John Doe One’s mother]: Yes, he did. 

(Emphasis added.) 

          Appellant argues that because the State led the witness, the witness was
supplied the information about why M.W. feared that his probation might be revoked
and thereafter testified from “false memory.” Appellant, however, supplied the same
information to the witness through his questioning and therefore waived the right to
complain about the prosecution’s conveyance of information to the witness through
the leading question. See Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim. App.
1998). 
          Before the State’s questions that allegedly supplied the “false memory” and
during a hearing outside the presence of the jury, appellant’s attorney asked John Doe
One’s mother if “Bonnie Croasman or M.W. ever discuss[ed] the impact that any
allegations of theft or any wrongdoing on their part would have on his probation as
a juvenile?” (emphasis added). The mother answered, “I am aware he that he was on
probation; I am not sure exactly at what point.” She further testified that she thought
M.W. had brought up the issue of his probation. Appellant then asked if “it was
mentioned that [appellant’s probation] was impacting on [M.W.’s] mind.” The
mother then said, “Like I say, we were all in shock . . . and I think when I did find out
that he had filed charges is when I went to the police station . . . and they told M.W.
that he would not be in trouble.” 
          Also before the State’s questions that allegedly supplied the “false memory”
and after the jury was brought back into the courtroom, appellant’s attorney asked
John Doe One’s mother whether there was a conversation “concerning M.W. speaking
about how any of this incident could impact his probation and that he didn’t want to
go to boot camp.” (Emphasis added.) The mother replied, “I just found out that he
was on probation for breaking some windows at the baseball field and I think I told
him I don’t see how he could get in trouble for something that he didn’t do.” 
          Because appellant’s attorney elicited the same evidence from the witness before
the State’s leading question, appellant has waived the right to complain about any
alleged error. Overruling an objection to evidence will not result in reversal when the
same evidence is received without objection, whether before or after the challenged
ruling, and whether the State or the defendant introduces the evidence. See Leday,
983 S.W.2d at 718. A defendant who offers the other evidence waives any error in
the trial court’s overruling the defendant’s initial objection. Id.
          We overrule appellant’s four issues. 
 

Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Elsa Alcala
                                                             Justice

Panel consists of Justices Hedges, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).